USDC SCAN INDEX SHEET

















SWD    3/1/04    8:10

3:04-CV-00424   HOGAN V. PROGRESSIVE

*1*

*CMP.*

1  Michael H. Crosby (SBN 125778)
   *D. F. Garrettson House*
2  2366 Front Street
   San Diego, CA 92101
3  Telephone:   (619) 696-7330
   Facsimile:    (619) 239-5872
4

5  Attorney for Plaintiff EVELYN MARIE HOGAN

6

7

8              **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10  EVELYN MARIE HOGAN, a California     )    CASE NO. _____
11  citizen,                             )
                                         )    **COMPLAINT FOR SEXUAL**
12              Plaintiff,               )    **HARASSMENT [Gov.C. §12940(j)];**
                                         )    **FAILURE TO PREVENT SEXUAL**
13  vs.                                  )    **HARASSMENT [Gov.C. §12940(k),**
                                         )    **(h)(3)]; RETALIATION FOR**
14  PROGRESSIVE PERFORMANCE              )    **PROTESTING SEXUAL HARASSMENT**
    DEVELOPMENT GROUP, INC., a           )    **[Gov.C. §12940(h)]; FAILURE TO**
15  Texas corporation; and DOES 1        )    **REASONABLY ACCOMMODATE**
    through 100, inclusive,              )    **PHYSICAL HANDICAP [Gov.C.**
16                                       )    **§12940(k)]; GENDER DISCRIMINATION**
                Defendants.              )    **AND HARASSMENT [42 U.S.C. §2000e;**
17  _____     )    **RETALIATION FOR REPORTING**
                                              **EMPLOYMENT DISCRIMINATION [42**
18                                            **U.S.C. §2000e];**

19                                            **JURY TRIAL DEMANDED**

20

21     Plaintiff EVELYN MARIE HOGAN ("Plaintiff" or "HOGAN") alleges as follows:

22                        **GENERAL ALLEGATIONS**

23     1.    Plaintiff resides and at all relevant times has resided in San Diego County,

24  State of California.

25     2.    Defendant PROGRESSIVE PERFORMANCE DEVELOPMENT GROUP,

26  INC. ("Defendant" or "PPDG") is a corporation organized in the State of Texas. Plaintiff

27  is informed and believes that PPDG has not designated an agent for service of process

28  in California.

3.     PPDG is and at all relevant times has done business in San Diego County, State of California.  Specifically, Plaintiff is informed and believes that PPDG employed more than twenty-five (25) persons in San Diego County during the time of her employment.  Many of these employees are placed in federal military facilities and bases, including U.S. Marine Camp Pendleton, under contract with the U.S. Navy ("Navy").

4.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities of these DOE Defendants when ascertained.  Plaintiff is informed and believes and thereon alleges that each of such fictitiously named Defendants is responsible in some manner for the occurrences alleged herein, and that the injuries alleged herein were proximately caused by acts of such DOE Defendants.

5.     All of the described conduct, acts and failures to act described hereinbelow were performed by, and are attributed to, all Defendants, acting as agents and employees under the direction and control of the other Defendants, except where specifically alleged otherwise.  These acts and failures to act were within the scope of such agency and/or employment, unless stated otherwise, and each Defendant ratified the acts and omissions of each of the other Defendants.  Each of these acts and failures to act is alleged against each Defendant whether acting individually, jointly or severally.

**FACTUAL ALLEGATIONS**

6.     Plaintiff is a trained and certified substance abuse counselor.

7.     In or about January 2001, Plaintiff applied for a position as substance abuse counselor at Camp Pendleton.  She was informed that she would be employed by PPDG, under a contract between PPDG and the Navy.

8.     Plaintiff was hired by PPDG managing agent Greg Lakey and began work on February 4, 2001, earning $19.00/hour as a Drug and Alcohol Counselor.  She was instructed to report to Navy civilian employee and agent of PPDG John Vinzano.  Her

1  PPDG manager was to be Greg Lakey.

2      9.    *The position of substance abuse counselor had until recent times been*

3  *filled by Marine personnel.* Plaintiff was one of three civilian, non-Navy personnel

4  working alongside active-duty Marines in the drug and alcohol counseling program, under

5  the day-to-day supervision of Marine personnel. Plaintiff's day-to-day supervisor was

6  Master Sergeant ("M/Sgt.") Hayes.

7      10.    PPDG was informed by its substance abuse counselor assigned to Camp

8  Pendleton in or about January 2001 that the Marine personnel in the program had

9  created a hostile, abusive work environment that was so bad she was forced to quit.

10      11.    On or about February 27, 2001, Plaintiff herself reported to Greg Lakey that

11  she was being subjected to a hostile work environment in her workplace. PPDG

12  promised to investigate, but did not speak to Plaintiff again on the subject.

13      12.    PPDG did not take action in response to the female counselors' complaints

14  of a hostile work environment.

15      13.    On March 15, 2001, Plaintiff was accosted and sexually assaulted by a

16  Marine co-worker, M/Sgt. Zolio Cartagena. Cartagena had previously subjected Plaintiff

17  to unwanted sexual comments and advances.

18      14.    The next day, Plaintiff reported the sexual assault to a co-worker, who

19  reported the assault to M/Sgt. Hayes.

20      15.    Plaintiff was then called in to a meeting by M/Sgt. Hayes and required to

21  recount the events in humiliating detail to three males. Plaintiff was subsequently

22  confronted and told that the Navy investigation could damage M/Sgt. Cartagena's career,

23  *that he was sorry about the assault, and noted that Cartagena was an accomplished*

24  *marksman.*

25      16.    In all of the above actions, Hayes was acting as agent of PPDG, which

26  ratified all such actions.

27      17.    The Navy investigated Plaintiff's allegations and found that she had been

28  sexually assaulted by Cartagena.

18.     After Plaintiff reported the incident and requested protection from PPDG, she was removed from her counseling position and assigned instead to a clerical job at Camp Pendleton.

19.     PPDG engaged in other acts of retaliation against Plaintiff.  PPDG did not protect Plaintiff from her attacker, but rather caused her to come into direct contact with him on April 20, 2001.  Immediately after Plaintiff requested a leave of absence, on April 23, 2001, PPDG cleared out her desk, at the same time it demanded a letter from her therapist certifying the disability.  When they learned of the identity of the therapist, PPDG managers investigated the therapist.  PPDG demanded information from the therapist on April 27, 2001, but rather than allow a reasonable and legally-required amount of time for a response, PPDG informed Plaintiff she was being terminated for "job abandonment."

20.     On May 3, 2001, PPDG addressed a letter to Plaintiff informing her that her employment had been terminated effective April 23, 2001.

## FIRST CAUSE OF ACTION

### (Violation of Government Code Section 12940(j))

21.     Plaintiff hereby incorporates, as though fully set forth herein, each allegation contained in paragraphs 1 through 20.

22.     Government Code ("Gov.C.") §12940(j) prohibits harassment and discrimination on the basis of gender.  That section and Gov.C. §12940(k) requires an employer to provide a workplace free of discrimination and harassment, and to eliminate such conditions from the workplace once they are known.

23.     PPDG, by engaging in the acts and conduct described above, has created and allowed to exist a hostile, intimidating and offensive, sexually-charged working environment for Plaintiff at Camp Pendleton, and has unreasonably interfered with Plaintiff's work performance.  By failing to investigate complaints of a hostile work environment, PPDG permitted and caused the subsequent sexual harassment and sexual assault to occur.

24.    As a result of this harassment and discrimination, Plaintiff has suffered humiliation, severe emotional distress and, ultimately, loss of income and benefits, and impairment of earning capacity.

25.    Plaintiff filed timely complaints with the California Department of Fair Employment and Housing ("DFEH") and Equal Employment Opportunity Commission ("EEOC"), and received Notices of Case Closure and Right to Sue from DFEH and EEOC.  She has received a favorable determination of her claim by EEOC.

26.    Plaintiff requests imposition of individual liability against the individual DOES pursuant to Government Code §12926(d).

27.    As a result of the discrimination, harassment, and Defendant's refusal to remedy Plaintiff's injuries, even after EEOC issued its favorable determination, Plaintiff has been required to obtain legal counsel, and so requests imposition of her attorney's fees on Defendants.

28.    The conduct of the Defendants, and each of them, constitutes fraud, malice or oppression.  The conduct also is in knowing and conscious disregard of Plaintiff's rights, and is part of a pattern and practice of PPDG and its leadership of ignoring or discounting sexual harassment complaints against employees of PPDG and failing to take proper action to prevent such harassment and retaliation against employees who bring harassment complaints.

## SECOND CAUSE OF ACTION

### (Violation of Government Code Section 12940(k))

29.    Plaintiff hereby incorporates Paragraphs 1 through 28 as though fully set forth herein.

30.    Government Code §12940(k) makes it unlawful for an employer "to fail to take all reasonable steps necessary to prevent discrimination from occurring."

31.    The above-mentioned conduct, including PPDG's failure to take all reasonable steps necessary to prevent gender-based discrimination and harassment directed at Plaintiff, violated §12940(k), and permitted and caused the subsequent sexual

1  advances and sexual assault to occur.

2       32.    Plaintiff has been harmed as a proximate result of these acts and

3  omissions, and has suffered damages as alleged above and below, in amounts to be

4  proven at trial.

5  **THIRD CAUSE OF ACTION**

6  **(Government Code Section 12940(h))**

7       33.    Plaintiff hereby incorporates paragraphs 1 through 32 as though fully set

8  forth herein.

9       34.    Government Code §12940(h) makes it unlawful for any employer "to

10  discharge, expel or otherwise discriminate against any person because that person has

11  opposed any practices forbidden under this part or because a person has filed a

12  complaint, testified or assisted in any proceeding in this part."  Complainants who pursue

13  internal mechanisms are protected by this section.

14       35.    Plaintiff suffered, and continues to suffer, the effects of retaliation as a

15  result of her objection to Cartagena's discriminatory and harassing conduct against her

16  and her protest to Navy officials.  PPDG ratified the retaliatory conduct of Marine and

17  Navy personnel, as alleged, and also engaged in the discrete acts of retaliation alleged in

18  ¶¶ 18-21.

19       36.    Plaintiff has been damaged as a proximate result of this retaliation by loss

20  employment income and benefits in a manner alleged above and amount according to

21  proof.  Plaintiff also requests imposition of punitive damages.

22  **FOURTH CAUSE OF ACTION**

23  **(Failure to Accommodate Physical Handicap)**

24       37.    Plaintiff hereby incorporates paragraphs 1 through 36 as though fully set

25  forth herein.

26       38.    Gov.C. §12940(m) requires an employer "to make reasonable

27  accommodation for the known physical or mental disability of an . . . employee."

28  / / /

Complaint For Sexual Harassment, Etc.

39. Plaintiff's severe anxiety and distress constituted an impairment of a major life activity that materially interfered with Plaintiff's ability to perform her job. The injury was reported timely to PPDG.

40. Specifically, PPDG interfered with Plaintiff's therapist/patient relationship, demanded immediate responses from her therapist rather than permitting her to respond within the time provided in applicable regulations, and ultimately fired her for purported "job abandonment" after Plaintiff had been on leave for only five (5) days.

41. The conduct outlined above directly caused Plaintiff to suffer further injury, anxiety and distress. Rather than respecting and attempting to accommodate Plaintiff's impairment, PPDG engaged in a pattern of conduct that violated the law, exacerbated her disability, and, by imposing unnecessary and unlawful deadlines and intruding into protected zones of privacy, PPDG breached its duty to accommodate Plaintiff's disability.

42. Plaintiff suffered further damages as more fully alleged above, according to proof.

## FIFTH CAUSE OF ACTION

## (Gender Discrimination and Harassment

## in Violation of 42 U.S.C. §2000e)

43. Plaintiff hereby incorporates Paragraphs 1 through 42 as though fully set forth herein.

44. Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 (42 U.S.C. §2000e), prohibits discrimination and harassment in the workplace based on the gender of the employee.

45. The action and inaction by PPDG and its failure to prevent such harassment and discrimination or to eliminate such conduct from Plaintiff's workplace, as alleged above, violated Title VII.

46. EEOC investigated Plaintiff's sex discrimination and retaliation claims and found "reasonable cause to believe that Charging Party's claim is true. . . ." A true and correct copy of the EEOC Letter of Determination, signed September 12, 2003, is

1  attached as Exhibit 1.

2      47.    EEOC determined that PPDG refused to settle the dispute, and so notified
3  Plaintiff.

4      48.    Defendants' conduct and its effect on Plaintiff justifies imposition of
5  general, special and punitive damages, according to proof.

6                          **SIXTH CAUSE OF ACTION**

7                               **(Retaliation)**

8      49.    Plaintiff hereby incorporates Paragraphs 1 through 48 as though fully set
9  forth herein.

10     50.    Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act
11  of 1991 (42 U.S.C. §2000e), prohibits retaliation against an employee for reporting
12  employment discrimination.

13     51.    Plaintiff suffered retaliation as a result of her objection to Cartagena's
14  sexual advances and sexual assault and Navy personnel's abusive conduct toward her
15  after her report, as well as for her report of such conduct to PPDG regional supervisors.
16  This retaliation was actively engaged in by and ratified by managing agents of PPDG and
17  all Defendants, and culminated in her termination by PPDG within 45 days of the assault.

18     52.    The conduct of Defendants and its affect on Plaintiff justifies imposition of
19  general, special and punitive damages as more fully set forth above.

20                          **PRAYER FOR RELIEF**

21     WHEREFORE, Plaintiff EVELYN MARIE HOGAN prays for judgment against
22  Defendant PPDG as follows:

23     1.    For past, present and future lost compensation and benefits in an amount
24  to be proven at trial, no less than $300,000.00;

25     2.    For special damages in an amount to be proven at trial, no less than
26  $150,000.00;

27     3.    For general damages in an amount to be proven at trial, no less than
28  $500,000.00;

Complaint For Sexual Harassment, Etc.

1     4.     For exemplary and punitive damages in an amount sufficient to punish and

2     set an example of them;

3          5.     For attorney's fees and other costs of bringing suit;

4          6.     For prejudgment interest;

5          7.     For a declaration of rights;

6          8.     For such other relief as the Court may deem just and proper; and

7          9.     For a jury trial.

8

9     DATED:     February 27, 2004

10                                        MICHAEL H. CROSBY
                                          Attorney for Plaintiff
11                                        EVELYN MARIE HOGAN

12

13

Complaint.wpd

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint For Sexual Harassment, Etc.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Diego Area Office**

401 B Street, Suite 510
San Diego, CA 92101
(619) 557-7235
TTY (619) 557-7232
FAX (619) 557-7274

Charge No.: 340A206515

Evelyn Hogan
8493 Bashan Lake Avenue
San Diego, CA 92119

Charging Party

Professional Performance
Development Group, Inc.
16124 Camp Pendleton
Oceanside, CA 92055

Respondent

## LETTER OF DETERMINATION

I issue the following determination as to the merits of this charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and timeliness and all other requirements for coverage have been met.

The Charging Party alleges that the Respondent engaged in employment practices made unlawful by Title VII, when she was subjected to physical and verbal sexual harassment by a military co-worker. Charging Party further alleges that she was retaliated against for reporting the harassment. Respondent denies the allegations.

Examination of the evidence reveals reasonable cause to believe that Charging Party's claim is true and that Respondent discriminated against Charging Party on the basis of her sex (Female) and retaliated against her after reporting harassment in violation of Title VII.

According to Section 706(b) of Title VII, if the Commission determines there is reason to believe that a violation has occurred, it shall endeavor to eliminate the alleged unlawful practice by informal methods of conference, conciliation and persuasion. Having determined that there is reason to believe that a violation has occurred, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter.

Determination
Charge No.: 340A206515
Page 2 of 2

If the Respondent declines to enter into settlement discussions, or when, for any other reason, a settlement acceptable to the Director is not obtained, the Director will inform the parties in writing and advise them of the court enforcement alternatives available to the Charging Party, aggrieved persons and the Commission. A Commission representative will contact you in the near future to begin conciliation discussions.

On Behalf of the Commission:

9/12/03
_____
Date

_____
Joyce Cooper, Acting Director
San Diego Area Office

Exhibit 1          p. 2

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| | |
|---|---|
| I (a) PLAINTIFFS  HOGAN, EVELYN MARIE, a California citizen | DEFENDANTS  PROGRESSIVE PERFORMANCE DEVELOPMENT GROUP, INC, a Texas corporation; and DOES 1 through 100, inclusive |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED  San Diego, PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) California | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Unknown since (IN U.S. PLAINTIFF CASES ONLY)  Texas corporation has NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND failed to register with California INVOLVED  Secretary of State |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)  Michael H. Crosby  619-696-7330  D.F. Garrettson House  2366 Front Street  San Diego, CA 92101 | ATTORNEYS (IF KNOWN) |

F I L E D
04 FEB 27 PM 2:06
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

'04 CV  0424 IEG  (BLM)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX
(For Diversity Cases Only)         FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

Plaintiff was sexually assaulted while in the employ of defendant PPDG. Defendant PPDG failed to provide a workplace free of harassment and retaliated against her for reporting it, violating 42 USC Section 2000e, as well as similar California statutes under 28 USC Section 1332.

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 650 Airline Regs | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | LABOR | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prisoner Conditions | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

| | | | |
|---|---|---|---|
| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $  exceeds $950,000 | Check YES only if demanded in complaint: JURY DEMAND ☒ YES ☐ NO |

VIII. RELATED CASE(S) IF ANY (See Instructions):   JUDGE _____   Docket Number _____

DATE February 27, 2004      SIGNATURE OF ATTORNEY OF RECORD  _____

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

## ORIGINAL

101503 - Pd $150

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should completed the form as follows:

I.(a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giveing both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place the "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, it officers or agencies, place an X in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

V. Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action , in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI. Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.
(rev. 07/89)